**Commonwealth v. National Advertising Company**

*Michael R. Deckman,* Assistant Attorney General, for Commonwealth.

*J. Scott Calkins* and *Robert J. Demer,* for defendant.

GATES, P. J., August 20, 1974.—Defendant was charged with a summary violation of the Outdoor Advertising Control Act of 1971, Act of December 15, 1971, P. L. 596 (No. 160), sec. 1, et seq., 36 PS §2718.101, et seq. After a hearing before a district justice, defendant was found not guilty. The Commonwealth has appealed to this court for a hearing de novo. The Commonwealth may not appeal a verdict of acquittal.

Appellant argues that section 9 of article V of the Pennsylvania Constitution provides that, "There shall be a right of appeal in all cases to a court of record from a court not of record." Therefore, the Commonwealth has the right to appeal a district justice's ver-

dict of not guilty. The appellant cites Shaler Township v. Union Real Estate Co. of Pittsburgh, 57 D. & C. 2d 194 (1971), 120 Pitts. L. J. 105 (1972), as authority for their position. We have been unable to obtain a copy of the opinion, but even if it does stand for the proposition urged by the Commonwealth, we would not be bound by it, since it is no precedent for a court of coequal jurisdiction. In our view, the appellant's argument plainly offends section 10, art. I of the Pennsylvania Constitution which provides that no person shall, for the same offense, be twice put in jeopardy of life or limb. Section 11 of the Outdoor Advertising Control Act of 1971 makes it a criminal act for any person to violate any of the provisions of the act, and it provides that on summary convictions the offender may be sentenced to a fine of $500 and, in default, to undergo imprisonment for 30 days. These provisions are criminal in nature and a defendant, found not guilty after a summary hearing before a district justice, may not again be tried de novo in a court of record.

The appellant argues that the enforcement of the act is important to the Commonwealth and, in the event the district justice decides in favor of defendant, the Commonwealth is left without a remedy. The argument is weak. The enforcement of all laws in the Commonwealth are important, but if a district justice or a judge sitting without a jury or with a jury, for that matter, finds defendant not guilty, the matter ends there. The Commonwealth, of course, never loses. It is always interested in one thing only and that is justice for the citizens. This appeal must be quashed.

### ORDER OF COURT

And now, to wit, August 20, 1974 the appeal is dismissed, costs to be paid by the County of Lebanon.